## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL RAY RIDDLES,                )
                                    )
            Petitioner,             )
                                    )
v.                                  )        Case No. CIV-25-00482-JD
                                    )
CARRIE BRIDGES, Warden,             )
                                    )
            Respondent.             )

## ORDER

Petitioner Michael Ray Riddles, a state prisoner appearing *pro se*, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2254, seeking habeas relief from a state

court conviction. [Doc. No. 1]. The Court referred the matter to United States Magistrate

Judge Shon T. Erwin for proceedings under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. Nos.

4, 7].

Judge Erwin ordered a response to the petition. [Doc. No. 8]. As part of that order,

Judge Erwin ordered Respondent to analyze the grounds alleged in the petition and to

include any supporting documents relied upon by Respondent. [*Id.* at 1]. Respondent

timely responded to the Court's order. [Doc. No. 12]. Petitioner filed a reply. [Doc. No.

19].

On November 18, 2025, Judge Erwin issued a Report and Recommendation

analyzing Petitioner's claims. [Doc. No. 20]. In a detailed and lengthy Report and

Recommendation, Judge Erwin recommended that the Court deny the § 2254 habeas

petition.

Judge Erwin advised the parties of their right to object to the Report and Recommendation by filing an objection with the Clerk of Court by December 5, 2025, and explained that failure to timely object to the Report and Recommendation waives appellate review of the recommended ruling. [*Id.* at 27]. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72.

Respondent did not file an objection to the Report and Recommendation or request an extension of time to do so.

Petitioner filed a 42-page document entitled "Motion for De Novo Review" and certified under the prison mailbox rule that he deposited his motion in the mail on December 2, 2025. [Doc. No. 21]. Upon review, the Court construes this as Petitioner's timely objection to the Report and Recommendation and not as a motion.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court will construe Petitioner's objections liberally because he is proceeding *pro se*, but the Court cannot serve as Petitioner's advocate. *See Hall v. Bellmon*, 935 F.2d

2

1106, 1110 (10th Cir. 1991).

As outlined above, the Court will conduct a de novo review of any portion of the Report and Recommendation to which Petitioner has *properly* objected, i.e., which "specifically identif[ies] any legal or factual errors on the part of the magistrate judge." *Paulsen v. Christner*, No. 21-1367, 2022 WL 2165858, at *1 (10th Cir. June 16, 2022) (unpublished) (citing *2121 E. 30th St.*, 73 F.3d at 1060). Petitioner's objections, however, simply reassert arguments in support of his petition, as evidenced by the fact that the majority of his objections are excerpts of his appellate brief to the Oklahoma Court of Criminal Appeals. [*Compare* Doc. No. 21 at 4–15, 18–26, 29–39, *with* Doc. No. 12-2 at 14–25, 26–34, 35–45].

Petitioner does not identify legal or factual errors in the Report and Recommendation. The only reference specifically to the Report and Recommendation or Judge Erwin's findings is that Petitioner states, in his opening paragraph, that "Magistrate Shon T. Erwin failed in his obligation to properly administer justice." [Doc. No. 21 at 1]. Accordingly, Petitioner has not properly lodged specific objections to the Report and Recommendation, thus failing to preserve issues for this Court's de novo review or for de novo review upon appeal.

The Court, therefore, reviews the Report and Recommendation for clear error. Having reviewed the Report and Recommendation and the precedent upon which it relies, the Court finds no clear or obvious error in the Report and Recommendation's findings and recommendations. *See Paulsen*, 2022 WL 2165858, at *2 (concluding that an examination of the record and relevant precedents "revealed no clear or obvious error

in any of the recommendations set out in the R & R").

The Court OVERRULES Petitioner's objections, ACCEPTS the Report and Recommendation [Doc. No. 20], DENIES Petitioner's petition [Doc. No. 1], and DECLINES to issue a certificate of appealability. A separate judgment will follow.

IT IS SO ORDERED this 4th day of May 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE